# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2560

_____

RANDOLPH CAMPBELL, III,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Gary Flower, Judge.

June 4, 2018

PER CURIAM.

Following a three day jury trial in August 2011, Appellant was found to be a sexually violent predator and civilly committed under the Jimmy Ryce Act, sections 394.910-394.932, Florida Statutes. The Act requires annual reviews for continued commitment. § 394.918, Fla. Stat. Here, Appellant challenges the trial court's order of May 17, 2017, following his most recent review, which found that his "mental condition has not changed" and that "despite his treatment advances [he] remains likely to commit an act of sexual violence if not confined for long term control, care and treatment."

Appellant contends that the State offered insufficient evidence that commitment was serving its purpose of providing

mental health treatment.  Appellant's argument that the State is required to prove the value of treatment in the recidivism equation under section 394.918(4) is contrary to the holding in *Westerheide v. State*, 831 So. 2d 93, 101-102 (Fla. 2002), where the Florida Supreme Court held:

> Even assuming that no viable treatment is available for sexually violent predators, the Constitution does not prevent the State "from civilly detaining those for whom no treatment is available, but who nevertheless pose a danger to others."  [*Kansas v.*] *Hendricks,* 521 U.S. [346] at 366, 117 S. Ct. 2072 (1997).  "To conclude otherwise would obligate a State to release certain confined individuals who were both mentally ill and dangerous simply because they could not be successfully treated for their afflictions."  *Id.* The Legislature has determined that these individuals pose a risk to society because there is a high likelihood that they will engage in repeat acts of predatory sexual violence.  *See* § 394.910, Fla. Stat. (2001).  "[I]ncapacitation may be a legitimate end of the civil law" and does not necessarily lead to the conclusion that the Ryce Act is punitive. *Hendricks,* 521 U.S. at 365-66, 117 S. Ct. 2072.  Thus, we find no merit to this argument.

AFFIRMED.

B.L. THOMAS, C.J., and BILBREY and JAY, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.